UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD McAFEE,

        Plaintiff,

v.                                                             Case No. 1:14-cv-771
                                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born in 1964. PageID.225. He completed high school and had past employment as a core maker in a factory. PageID.260. Plaintiff alleged a disability onset date of January 1, 2007. PageID.247. He identified his disabling conditions as: carpal tunnel; pain in back, knees, shoulders and arms; hearing aids in both ears; and sleep apnea. PageID.259. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 21, 2013. PageID.35-47. As part of his decision, the ALJ gave *res judicata* effect to a previous ALJ's decision denying benefits on June 17, 2010, which found that plaintiff was not disabled from the alleged onset date of January 1, 2007 through June 17, 2010. PageID.35, 45. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff last met the insured status requirements of the Act on March 31, 2012, and that

3

he had not engaged in substantial gainful activity from the relevant time period of June 18, 2010 through his date last insured. PageID.37. At the second step, the ALJ found that through the date last insured plaintiff had severe impairments of multi-joint peripheral symmetric polyarthritis, exercise induced hypertension, degenerative disc disease, obesity, and bilateral carpal tunnel syndrome. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.39-40.

The ALJ decided at the fourth step that through the date last insured:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he is limited to work requiring no overhead reaching bilaterally, no more than frequent reaching in all other directions bilaterally, no need to hold the bilateral upper extremities in a set position for more than a few minutes, no more than occasional handling and fingering with the left upper extremity and no more than frequent handling and fingering with the right upper extremity, no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, and crouching, no crawling and climbing of ladders, ropes, and scaffolds, and which avoids exposure to unprotected heights, moving mechanical parts, weather, vibration, and temperature extremes.

PageID.40. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.45.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy. PageID.45-46. Specifically, plaintiff could perform the following work: school bus monitor (1,500 jobs in Michigan and 74,470 in the nation); and, parking lot attendant (2,290 jobs in Michigan and 126,160 in the nation). *Id.* Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, at any time

from January 1, 2007 (the alleged onset date) through March 31, 2012 (the date last insured). PageID.46.

### III. ANALYSIS

Plaintiff did not set forth a statement of errors as required by the Court. *See* Notice (docket no. 8).[1] Based on the arguments set forth in the brief, the Court gleans two issues.[2]

**A. The ALJ improperly evaluated the opinions of three treating physicians.[3]**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring

---

[1] The narrative statement of errors provided by plaintiff does not set forth "the specific errors of fact or law upon which Plaintiff seeks reversal or remand" as directed by the Court. Plaintiff's counsel is advised that future briefs which fail to do so may be stricken.

[2] Plaintiff's initial brief consists of 27 pages. Plaintiff's counsel is advised that future briefs which exceed the 20 page limit may be stricken.

[3] In this regard, the Court notes that while plaintiff sometimes referred to the opinions of four treating physicians, his brief only addressed the opinions of three physicians. *See* PageID.766-770.

a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1.   J. Michael Wiater, M.D.

Plaintiff contends that the ALJ improperly evaluated an opinion expressed by Dr. Wiater which appears in a treatment note from January 10, 2012:

> Gerald McAfee returns status post left TSA 091301201 I. There is pain in the shoulder, mostly in the front. Not able to go to work. Trying to get disability coverage.

PageID.509. The ALJ gave little weight to the doctor's statement that plaintiff was "[n]ot able to go to work." PageID.44. In assigning this weight the ALJ explained that "in the literal interpretation it is overly broad and concerns an issue reserved to the Commissioner, and in the contextual interpretation concerning the claimant's left shoulder functioning, it is inconsistent with evidence of successful surgical intervention and his own assessments of 'good' motor function (Exhibit

6

B9F)." PageID.44-45, citing PageID.509-513. The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). *See* 20 C.F.R. § 404.1527(d)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). Based on this record, the ALJ gave good reasons for the weight assigned to Dr. Wiater's statement. Accordingly, plaintiff's claim of error is denied.

### 2. James Burczak, M.D.

Another treating physician, Dr. Burczak opined that "the claimant's 'upper extremity usage is quite limited in the way of any heavy manual activities due to his shoulder replacement,' and his 'options for work activity are quite limited' due to his wrist, hand and shoulder." PageID.45. The ALJ gave partial weight to the doctor's opinion, stating "that while significant limitation is supported as indicated in the discussion of the objective medical evidence above, nevertheless, the opinion concerns issues regarding the available occupational base of jobs, for which Dr. Burczak is not qualified to opine upon (Exhibit B11F)." *Id.* Under the regulations, "medical opinions" are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(2). Here, Dr. Burczak's statement that plaintiff's "options for work activity are quite limited" does not constitute a medical opinion under the regulations. Rather, as the ALJ pointed out, it is an opinion regarding the available occupational

base of jobs. Based on this record, ALJ gave good reasons for the limited weight assigned to this opinion. Accordingly, plaintiff's claim of error is denied.

### 3. Richard Swanson, M.D.

Plaintiff contends that the ALJ improperly evaluated an opinion expressed by Dr. Swanson which appears in a treatment note dated December 18, 2012:

> I discussed disability with the patient and with his elbow and shoulder surgeries and the resultant deformities I believe he should file for permanent disability.

PageID.731. The Court does not consider these notes to express a medical opinion under 20 C.F.R. § 404.1527(a)(2). Rather, these notes express Dr. Swanson's belief that plaintiff should file a disability claim because he has a permanent disability. To the extent that Dr. Swanson opined that plaintiff suffered from a permanent disability, this is a determination reserved to the Commissioner. *See Crisp*, 790 F.2d. at 452; *Houston*, 736 F.2d at 367; 20 C.F.R. § 404.1527(d)(1). Accordingly, plaintiff's claim of error is denied.

### B. The Commissioner's finding that plaintiff's allegations of disabling pain in his shoulder, knees and hands is not entirely credible is not supported by substantial evidence.

Plaintiff contends that the ALJ erred by improperly discounting his credibility with respect to the allegations of pain in his shoulders, knees and hands. "[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Secretary of Health and Human Services*, 823 F. 2d 918, 920 (6th Cir. 1987). "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). Objective medical evidence that confirms the existence of pain is required. *Shavers v. Secretary of Health and Human Services*, 839 F.2d 232, 234-235 (6th Cir.1987). "A claimant, however, may rely

in part on her own testimony *in combination with* objective medical evidence in order to establish that she is disabled." *Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 529 (6th Cir. 1992) (emphasis in original). When evaluating a claimant's statements of subjective pain, the ALJ is required to determine the actual intensity and persistence of the claimant's symptoms and how these symptoms limit the claimant's ability to work. *Allen v. Commissioner of Social Security*, 561 F.3d 646, 652 (6th Cir. 2009). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

In *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847 (6th Cir. 1986), the Sixth Circuit fashioned a two-prong test for evaluating an alleged disability based upon pain.

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan*, 801 F.2d at 853. *See Felisky v. Bowen*, 35 F.3d 1027, 1037-1039 (6th Cir. 1994) (the *Duncan* analysis is a "succinct form" of the Social Security Administration's guidelines for use in analyzing a claimant's subjective complaints of pain as set forth in 20 C.F.R. § 404.1529).

Here, the ALJ found that plaintiff met the first prong of the *Duncan* test, when he found that plaintiff had severe impairments of multi-joint peripheral symmetric polyarthritis, exercise induced hypertension, degenerative disc disease, and bilateral carpal tunnel syndrome. PageID.37, 41. The next question is whether plaintiff met the second prong of the *Duncan* test.

However, the record is insufficient to enable the court to answer this question, because the ALJ's decision does not address plaintiff's subjective complaints in a meaningful manner. After reviewing the evidence, the ALJ makes a conclusory credibility determination:

> I have considered the opinions of the claimant expressed in his Adult Functional Report, however it is afforded little weight because, as indicated in the discussion above, the allegations concerning the constant and unrelenting nature of his symptoms is disproportionate to the objective medical evidence, and further, the allegations are inconsistent with his level of actual functioning reported in activities of daily living questions (Exhibit B4E).

PageID.45.   The ALJ does not identify the symptoms mentioned in the Adult Functional Report, address how those symptoms are disproportionate to the objective medical evidence, or how the symptoms are inconsistent with his activities of daily living.

The Commissioner must provide a statement of evidence and reasons on which the decision is based.  *See* 42 U.S.C. § 405(b)(1).  An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning."  *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).   In this case, the Court cannot trace the path of the ALJ's reasoning with respect to plaintiff's credibility.  Accordingly, the ALJ's decision will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand the ALJ should re-evaluate plaintiff's credibility with respect to the pain in his shoulders, knees and hands.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is

directed to re-evaluate plaintiff's credibility with respect to the pain in his shoulders, knees and hands.  A judgment consistent with this opinion will be issued forthwith.


Date: March 17, 2016                             /s/ Ray Kent
                                                                                 Ray Kent
                                                                                 United States Magistrate Judge